UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                               Case No. 3:19-cr-61

        Plaintiff,

   v.                                                    MEMORANDUM OPINION
                                                                     AND ORDER

Sevario Whitaker,

        Defendant.

Defendant Sevario Whitaker seeks to sever his case from that of his co-defendant, Emanuel Riley. (Doc. No. 14). The government opposes Whitaker's motion. (Doc. No. 15). For the reasons stated below, I deny Whitaker's motion.

## I.     BACKGROUND

On November 19, 2018, over fifty firearms and silencers were stolen during a burglary at Towers Armory, a licensed firearm dealer located in Oregon, Ohio. Security cameras located nearby showed two individuals entering and exiting the Towers Armory property, though the individuals could not be clearly identified from the video. During the subsequent investigation, law enforcement officers determined the individuals exited the area in a motor vehicle belonging to Riley. A search of Riley's car uncovered a mask which appeared to be similar to those worn by the individuals on the video. Riley and Whitaker ultimately were arrested and, on February 6, 2019, both men were indicted on charges arising from the November 19 incident.

1

Whitaker now seeks to sever his case from Riley's, arguing there "is a real danger of the jury being unable to separate the evidence against Mr. Riley from any evidence specifically presented against Mr. Whitaker." (Doc. No. 14 at 3).

## II. DISCUSSION

Individuals may be charged as co-defendants if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). But if the joinder of two or more defendants "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a),

Once a defendant has been jointly indicted with one or more other defendants, the defendant must clear a high hurdle in order to sever his case from those of his co-defendants. Therefore, Whitaker must make a "strong showing of prejudice." *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993). He must show a jury would be "unable 'to decide fairly and separately the guilt or innocence of each defendant.'" *Id.* (quoting *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990)).

Whitaker argues his case should be severed from Riley's because his defense at trial would be unfairly tainted by evidence "creat[ing] a direct causal link to Mr. Riley but not to Mr. Whitaker." (Doc. No. 14 at 3). He further argues he was indicted only because he is an associate of Riley's. (Doc. No. 14 at 3). The government disputes this claim, pointing to testing which indicates Whitaker's DNA was present on a pry-bar left inside Towers Armory after the burglary. (Doc. No. 15 at 3). Even without physical evidence allegedly connecting Whitaker to the burglary, "a defendant is not entitled to a severance simply because the evidence against a co-defendant is far more damaging than the evidence against him." *Moore*, 917 F.2d at 220.

Whitaker also argues severance is warranted where one co-defendant would be substantially prejudiced by mutually antagonistic defenses. (Doc. No. 14 at 3). In the case Whitaker relies on, however, the Sixth Circuit concluded a defendant was unfairly prejudiced after his trial was not severed from the trial of his ex-wife and co-defendant because the ex-wife's defense centered around evidence that the defendant "was an adulterous, mentally abusive, and manipulating spouse." *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995). Whitaker, in contrast, does not identify any evidence or argument which would meet "the heavy burden of showing" any prejudice he would suffer would be "compelling and unfair." *Id.*

### III. CONCLUSION

For the reasons stated above, I conclude Whitaker has not met his burden under Rule 14(a). Whitaker's motion to sever his case from his co-defendant, (Doc. No. 14), is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge