UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sevario Whitaker,　　　　　　　　　　　　　　　　Case No. 3:19-cr-61

    Petitioner–Defendant,

v.　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

United States of America,

    Respondent–Plaintiff.

## I.  INTRODUCTION

Petitioner Sevario Whitaker filed a motion for relief under 28 U.S.C. § 2255, asserting his sentence should be vacated because he allegedly received ineffective assistance of counsel. (Doc. No. 43 at 4-8). The government opposes Whitaker's motion. (Doc. No. 45). For the reasons stated below, I deny Whitaker's motion for relief.

## II.  BACKGROUND

On January 14, 2019, Sevario Whitaker was charged by criminal complaint in connection with the theft of firearms from a firearms dealer. (Doc. No. 1). On February 6, 2019, Whitaker was indicted for the following offenses: one count of theft from a federal firearms licensee under 18 U.S.C. § 922(u); one count of possession of a silencer under 26 U.S.C. § 5861(d); one count of possession of a stolen firearm under 18 U.S.C. § 922(j); and one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Doc. No. 9-2 at 2). Whitaker pled guilty to all four counts. (Doc. No. 25).

On June 11, 2021, pursuant to Whitaker's Rule 11(c)(1)(B) plea agreement, I sentenced him to an aggregate term of 96 months in prison. (Doc. No. 41 at 2). That sentence was comprised of 31 months as to Count One, to run consecutively to the remaining counts; and 65 months as to Counts Two, Three, and Five, to run concurrently. (*Id.*). I also sentenced Whitaker to 3 years of supervised release. (*Id.* at 3).

On July 10, 2023, Whitaker filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. No. 43). The government filed their opposition on August 29, 2023. (Doc. No. 45). Whitaker has not filed a reply.

### III. ANALYSIS

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Defendants challenging their sentence under § 2255 must identify a constitutional error, "a fundamental defect which inherently results in a complete miscarriage of justice," an "omission inconsistent with the rudimentary demands of fair procedure," or "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations and internal quotation marks omitted).

### A. TIMELINESS

Section 2255 contains a one-year limitations period, which begins to run on the latest date of one of four circumstances. *See* 28 U.S.C. § 2255(f)(1)-(4). The circumstance relevant here is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a defendant does not file a notice of appeal, the defendant's judgment of conviction becomes final fourteen days after the entry of judgment. *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir.

2012) (quoting *Sanchez–Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004)); Fed. R. Crim. P. 4(b)(1)(A).

Here, judgment was entered against Whitaker on June 17, 2021. (Doc. No. 41). Whitaker did not file an appeal, so that judgment became final on July 1, 2021. *See* Fed. R. Crim. P. 4(b)(1)(A). Whitaker had until July 1, 2022 to file his 2255 motion; he did not do so until July 1, 2023. (Doc. No. 43). His motion to vacate is therefore untimely.

**B.     EQUITABLE TOLLING**

The one-year limitations period in § 2255(f) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To receive equitable tolling, "a habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) (citing *Holland*, 560 U.S. at 649). The petitioner bears the burden of "persuading the court that he or she is entitled to equitable tolling." *Keeling v. Warden Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (internal citation and quotation marks omitted). Courts grant equitable tolling "sparingly." *Hall,* 662 F.3d at 649 (internal citation and quotation marks omitted).

To explain his untimeliness, Whitaker states that his former attorney, David Lee Klucas, "has failed to return me and my family['s] phone calls [and] also my letters to him." (Doc. No. 43 at 11). But Whitaker has failed to include any information about specific steps he took to diligently pursue his rights under § 2255. *See Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (denying equitable tolling where a pro se habeas petitioner "offer[ed] no explanation for his failure to file during" the one-year filing period); *cf. United States v. West*, 578 F. Supp. 3d 962, 967 (N.D. Ohio 2022) (finding the petitioner's "vague and generalized contentions" about lack of access to a prison law library did not demonstrate diligence). Nor does he explain why he needed to contact his former attorney before filing his motion to vacate.

In addition, Whitaker has not identified an extraordinary circumstance that caused him to file late because, even if what he suggests is true, garden-variety "attorney neglect or error does not generally give rise to equitable tolling." *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)). Whitaker has not shown he qualifies for equitable tolling.

## IV. CONCLUSION

For these reasons, I deny Whitaker's § 2255 motion. (Doc. No. 43).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge